UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

WALKER RIVER PAIUTE TRIBE; et al.,

        Plaintiffs,

v.

UNITED STATES DEPARTMENT OF
HOUSING AND URBAN DEVELOPMENT;
et al.,

        Defendants.

3:08-cv-0627-LRH-VPC

ORDER

      Before the court is defendants' motion to dismiss plaintiff Fallon Paiute-Shoshone Tribe ("Fallon Paiute") for lack of standing. Doc. #9.[1] Plaintiff Fallon Paiute did not file an opposition.

      Fallon Paiute and plaintiff Walker River Paiute Tribe ("Walker Paiute") filed a complaint against the United States Department of Housing and Urban Development ("HUD"), along with individual HUD directors, for unlawful deprivation of block grant housing under the Native American Housing and Self-Determination Act ("NAHSDA"), 25 U.S.C. § 4101 *et seq.* Doc. #1.

      Pursuant to a stipulation between the parties, plaintiff Walker Paiute filed an amended complaint.[2] Doc. ##6, 7. Thereafter, defendants filed the present motion to dismiss plaintiff Fallon

---

[1] Refers to the court's docketing number.

[2] The amended complaint was not brought by plaintiff Fallon Paiute. Therefore, the operative complaint brought by Fallon Paiute is the initial complaint (Doc. #1).

Paiute and the initial complaint (Doc. #1) for lack of standing.[3] Doc. #9.

While the failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion under LR 7-2(d), Fallon Paiute's failure to file an opposition, in and of itself, is an insufficient ground for dismissal. *See Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). Before dismissing a case, a district court is required to weigh several factors: (1) the public's interest in the expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; 4) the public policy favoring disposition of cases on their merits; and (5) the availability of less dramatic sanctions. *Id*.

Here, these factors weigh in favor of dismissal. The need for the expeditious resolution of cases on the court's docket is strong. Defendants have an interest in resolving this matter in a timely manner. Further, there is a lack of prejudice to the plaintiff because Fallon Paiute has shown an unwillingness to continue litigating its complaint which weighs in favor of granting the motion and the evidence provided to the court strongly supports a conclusion that Fallon Paiute was without standing to initiate the underlying action. Therefore, the court finds that dismissal is warranted in light of these considerations.

IT IS THEREFORE ORDERED that defendants' motion to dismiss (Doc. #9) is GRANTED. The initial complaint (Doc. #1) is dismissed in its entirety and the clerk of court shall terminate plaintiff Fallon Paiute-Shoshone Tribe as a plaintiff in this action.

IT IS SO ORDERED.

DATED this 28th day of June, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

---

[3] Because Walker Paiute filed an amended complaint, the operative complaint for any motion to dismiss brought against it would be the amended complaint (Doc. #7). Therefore, any order by this court addressing the initial complaint does affect Walker Paiute's status as a plaintiff in this action.