UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WALKER RIVER PAIUTE TRIBE; et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT; et al., <br><br> Defendants. | 3:08-cv-0627-LRH-VPC <br><br> ORDER |

Before the court is defendants' notice of supplemental authority. Doc. #36. In their notice, defendants provided the court a copy of the August 8, 2013 decision in *Fort Belknap Hous. Dep't v. Office of Pub. & Indian Hous.*, 726 F.3d 1099 (9th Cir. 2013). The court has reviewed the *Fort Belknap* decision and finds that supplemental briefing by the parties is necessary to address the jurisdictional issues raised in that decision and how they impact the court's subject matter jurisdiction in the present action.

*Fort Belknap* held that the district court did not have subject matter jurisdiction over the underlying action under § 4161(d) of the Native American Housing Assistance and Self Determination Act ("NAHASDA") because no action was taken pursuant to § 4161 of that act. 726 F.3d at 1104. Similar challenges have been raised in the present case concerning whether

///

defendants complied with the requisite provisions of § 4161.[1] Thus, the court is concerned with whether or not it may exercise subject matter jurisdiction over these challenges in the present action. Accordingly, the court shall grant the parties leave to file brief supplemental briefing on the issue of subject matter jurisdiction as it relates to the Ninth Circuit's recent decision in *Fort Belknap*.

IT IS THEREFORE ORDERED that the parties shall have fifteen (15) days from entry of this order to file a supplemental brief of not more than ten (10) pages in accordance with this order. The parties shall then have ten (10) days to file a response brief of not more than five (5) pages.

IT IS SO ORDERED.

DATED this 13th day of November, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

---

[1] The court recognizes that there are several other constitutional challenges in this action for which the court may exercise jurisdiction independently of those challenges raised under § 4161.

2